# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

MICHAEL LONDON,

    Plaintiff

vs.

STATE OF GEORGIA, *et al.*,

    Defendants

NO. 5:11-CV-82 (MTT)

**O R D E R**

*Pro se* plaintiff **MICHAEL LONDON**, an inmate at Washington State Prison in Davisboro, Georgia, has filed a handwritten "Complaint," in which he sues the State of Georgia, the United States, and Judge C. Ashley Royal. Parties instituting non-habeas civil actions are required to pay a filing fee of $350.00. 28 U.S.C. § 1914(a). Because plaintiff has failed to pay the required filing fee, the Court assumes that he wishes to proceed *in forma pauperis* in this action.

Under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), a prisoner is generally precluded from proceeding *in forma pauperis* if at least three prior lawsuits or appeals by the prisoner were dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted. 28 U.S.C. §1915(g). Dismissal without prejudice for failure to exhaust administrative remedies and dismissal for abuse of judicial process are properly counted as strikes. ***See Rivera v. Allin,*** 144 F.3d 719 (11th Cir. 1998). Section 1915(g) provides an exception to the three strikes rule, under which an inmate may proceed *in forma pauperis* if he alleges he is in "imminent danger of serious physical injury" at the time he files his complaint. The prisoner must allege a present imminent danger, as

opposed to a past danger, to proceed under section1915(g)'s imminent danger exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999).

The Eleventh Circuit has upheld the constitutionality of section 1915(g) in concluding that section 1915(g) does not violate an inmate's right of access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. *Rivera*, 144 F.3d at 721-27.

A review of court records on the U.S. District Web PACER Docket Report reveals that plaintiff has exceeded the three "strikes" allowed by the PLRA to a prisoner attempting to proceed *in forma pauperis* in a federal civil lawsuit. *See London v. Baker*, 1:05-cv-2531-CC (N.D. Ga. Oct. 20, 2005); *London v. Baker*, 5:04-cv-50-WTM (S.D. Ga. Sept. 16, 2004); *London v. Battle*, 5:00-cv-102 (WDO) (M.D. Ga. Sept. 1, 2000); and *London v. Leager*, 1:99-cv-2695-CC (N.D. Ga. Nov. 10, 1999). As plaintiff has four strikes, he cannot proceed *in forma pauperis* in the instant case unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of section 1915(g).

Plaintiff states that he is in "imminent danger" because of a "pushing match" that occurred between plaintiff and another inmate after plaintiff reported his being viewed through holes in the shower. Plaintiff appears to allege that prison officials refused to place him in protective custody because he filed a grievance about the shower incident. The mere fact that plaintiff had previously gotten into a fight with another inmate is not sufficient to show that he was in imminent danger of serious physical injury *at the time he filed his complaint*. *See Hoffman v. Dept. of Corrections*, 2010 WL 1133338 (S.D. Fla. Feb. 19, 2010). Moreover, even if plaintiff were in imminent danger at the time he filed his complaint, he has not named any responsible defendants.

Based upon the foregoing, plaintiff's request to proceed *in forma pauperis* is **DENIED** and the instant action is **DISMISSED WITHOUT PREJUDICE**. If plaintiff wishes to bring a new civil rights action, he may do so by submitting new complaint forms and the entire $350.00 filing fee at the time of filing the complaint. As the Eleventh Circuit stated in ***Dupree v. Palmer***, 284 F.3d 1234, 1236 (11th Cir. 2002), a prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status; he must pay the filing fee at the time he initiates the suit.

**SO ORDERED**, this 7th day of March, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT